IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANDREW HALSEY and TAMMY KENNEDY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 1:17-cv-00004 ) |
| THE TOWNSEND CORPORATION OF INDIANA d/b/a TOWNSEND TREE SERVICE, and | ) ) ) ) |
| JEFF ALAN, | ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant The Townsend Corporation of Indiana ("Townsend"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, as well as Rule 81(c) of the Federal Rules of Civil Procedure, submits this notice of removal and states as follows:

*The Removed Case*

1. On November 23, 2016, the Plaintiffs Andrew Halsey and Tammy Kennedy ("Plaintiffs"), filed their petition in the Circuit Court of Butler County, Missouri against Defendants Townsend and Jeffrey Alan Richardson (incorrectly named as Jeff Alan) [1] ("Richardson") for the wrongful death of Tyler Scott Halsey, the Decedent. (Petition).

---

[1] See Defendant Jeffrey Alan Richardson's Amended Answer to Plaintiffs' Petition attached hereto.

1

2. All process, pleadings, orders and other documents on file in the State Court, are attached hereto as Exhibit A.

3. Plaintiffs allege that the Decedent, was an employee of Townsend,[2] and that he died after suffering heat stroke due to Decedent's physical condition and lack of experience working outdoors in a hot environment. (Petition ¶¶ 15, 19). Plaintiffs allege that on the day before his death, Decedent was working on a Townsend Tree road crew trimming trees in and around Butler and Stoddard Counties, Missouri, and the high temperature on that date was 96 degrees Fahrenheit. (Petition ¶¶ 9, 19, 22). Defendant Richardson was Decedent's supervisor. (Petition ¶ 12). Plaintiffs claim that "[a]t some point during the work day on July 22, 2016, Tyler Halsey succumbed to heat stroke." (Petition ¶ 19). However, none of Decedent's co-workers were similarly affected despite working in the same conditions as Decedent. (Petition ¶ 20).

4. Plaintiffs have brought claims for Wrongful Death / Negligence against Townsend (Count I), and Wrongful Death / Negligence against Richardson (Count II).

*Timeliness of Removal*

5. Plaintiffs served Townsend on December 13, 2016.

6. Townsend has filed this notice of removal within 30 days of being served, making the notice of removal timely under 28 U.S.C. § 1446(b)(1).

7. As discussed below, Plaintiffs improperly and fraudulently joined Richardson to defeat Townsend's right of removal; therefore, Richardson's consent to removal under pursuant to 28 U.S.C. § 1446(b)(2)(A) is unnecessary.

---

[2] Decedent was not an employee of Townsend. Decedent was employed by Townsend Tree Service Company, LLC ("Townsend Tree"), which is a wholly-owned subsidiary of Townsend. Townsend will be moving this Court to substitute Townsend Tree for Townsend.

2

*Basis of Subject Matter Jurisdiction*

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and (c)(1) because there is complete diversity of citizenship between the true, properly joined parties in interest, as described below.  Removal to this Court is proper under 28 U.S.C. § 1441(a).

9.     Regarding the true, properly joined parties in interest, this is a civil action between citizens of different states within the meaning of 28 U.S.C. and 1332(a)(1) and (c)(1).

10.    In addition, the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(b).

*Complete Diversity of Citizenship*
*Between Plaintiffs and All Properly Joined Defendants*

11.    Plaintiffs are all residents and citizens of Missouri. (Petition ¶¶ 2, 3).

12.    Townsend is an Indiana Corporation with its principal place of business in Indiana. (Petition ¶ 4).  Therefore, Townsend is a citizen of Indiana.

*Fraudulent Joinder of Richardson*

13.    Richardson was a co-employee of Decedent at the time of the incident. (Petition ¶¶ 11, 12).

14.    Richardson is a citizen of Missouri.  (Petition ¶ 6).

15.    As explained below, Richardson is not a proper party.  Plaintiffs fraudulently joined him for the purpose of defeating Townsend's right of removal.

16.    The Eighth Circuit defines fraudulent joinder as "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). Joinder is fraudulent, thereby permitting

removal, when the claim against the non-diverse party has "no reasonable basis in fact and law." *Id.* at 810

17. Here, there is no reasonable basis in law or fact by which Plaintiff can establish a cause of action against Richardson because Richardson is immune from suit pursuant to the Missouri co-employee immunity rule set forth in Missouri's workers' compensation statutes. *See* RSMo. § 287.120.1.

18. In response to the Missouri appellate courts' weakening of the common-law co-employee immunity rule, the Missouri General Assembly amended the Missouri workers' compensation law in 2012 to require an "affirmative negligent act that purposefully and dangerously caused or increased the risk of injury" to impose liability on a co-employee. *See e.g. Ellingsworth v. Vermeer Mfg. Co.*, 16-05042-CV-SW-SWH, 2016 WL 7045603, at *3-6 (W.D. Mo. Dec. 2, 2016) (explaining Missouri's workers' compensation law, and finding that a co-employee was fraudulently joined).

19. In determining liability of co-employees under the current version of RSMo. § 287.120.1, which applies to this case, the Court must engage in a two-part analysis. *A.T. v. Newark Corp.*, 4:16-CV-00448-SNLJ, 2017 WL 57251, at *3 (E.D. Mo. Jan. 5, 2017). The first question is whether the co-employee engaged in an "affirmative negligent act that purposefully and dangerously caused or increased the risk of injury." *Id.*; RSMo. § 287.120.1. If the plaintiff establishes the first element, then the question becomes whether plaintiff has "made allegations that otherwise establish a claim of common law negligence. *Id.*

20. As the Missouri Supreme Court recently held, at common law co-employees can only be liable to their fellow employees "for breaches of a duty owed independently of the master-servant relationship – that is, a duty separate and distinct from the employer's non-delegable

4

duties." *Id.* (quoting *Peters v. Wady Indus., Inc.*, 489 S.W.3d 784, 796 (Mo. banc 2016). "An employer's non-delegable duties include (1) the duty to provide a safe workplace; 2) to provide safe appliances, tools, and equipment for work, (3) the duty to warn of dangers that employees might be and stay reasonably ignorant of; (4) the duty to provide a sufficient number of fellow employees; and (5) the duty to promulgate and enforce rules for employee conduct that would maintain the safety of the workplace." *Id.* (citing *Peters*, 489 S.W.3d at 795.)

21.     "The duty to provide a safe place to work is only one of the non-delegable duties that an employer owes to its employees, and the employer cannot escape its duty by delegating the task to another. Thus, when an employee fails to perform the employer's non-delegable duty, the failure rests with the employer, not the employee." *Carman v. Wieland*, 406 S.W.3d 70, 76-77 (Mo. App. E.D. 2013). "It is an affirmative act directed at a particular employee that places the co-employee's conduct outside the scope of the employer's non-delegable duties." *Id.* at 77.

22.     Here, Plaintiffs cannot meet either element to establish co-employee liability against Richardson. First, Plaintiffs do not establish that Richardson engaged in an affirmative negligent act directed at the Decedent. Second, all allegations of negligence against Richardson relate to his employer's duty to provide a safe workplace, which was a non-delegable duty of Townsend Tree.

23.     The allegations in Plaintiffs' Petition belie any claim that Richardson "purposefully and dangerously caused or increased the risk of injury" to Decedent. RSMo. § 287.120.1. Plaintiffs allege that the cause of Decedent's heat stroke was his "innate susceptibility to heat stroke due to his physical condition and lack of experience working outdoors in a hot environment," and that his "innate susceptibility to heat exhaustion is an idiopathic condition." Moreover, Plaintiffs acknowledge that none of Decedent's co-workers were similarly affected, "[d]espite working in

5

the same environmental conditions as [Decedent.]" (Petition ¶ 20). In other words, Plaintiffs allege that Decedent suffered heat stroke, not because of some affirmative act that was directed at him, but because Decedent was innately susceptible to heat exhaustion. Therefore, Plaintiffs have not established that Richardson engaged in an affirmative negligent act that purposefully caused or increased the risk of injury.

24. Moreover, Plaintiffs have not established that Richardson violated any common-law duty outside of Townsend Tree's non-delegable duty to provide a safe workplace. A simple comparison of Plaintiffs' allegations against Townsend and their allegations against Richardson demonstrate that they are making virtually the same allegations against both the employer, incorrectly named as Townsend, and Decedent's co-employee, Richardson. Plaintiffs' allegations can be summarized that they allege that the defendants failed to allow Decedent to take sufficient breaks, the equipment provided did not have air conditioning, Decedent was not provided with adequate water, Decedent was not warned against the dangers of working in the heat, and Defendants should have known about Decedent's innate susceptibility to heat stroke. (Petition ¶¶ 25-27; 32-35). These allegations are all directed at workplace safety, which is a non-delegable duty of the employer.

25. Additionally, the specific allegations against Richardson demonstrate that Plaintiffs allegations are based upon an employer's non-delegable duties, for which a co-employee is immune. The allegations against Richardson can be summarized as (1) failing to provide a safe work environment by having Decedent work in the heat (Petition ¶ 35 a-d); (2) failing to provide adequate equipment with air conditioning (Petition ¶ 35 e); (3) failing to provide adequate water (Petition ¶ 35 f, g); and (4) failing to warn of dangers of heat exhaustion and enforce company policies (Petition ¶ 35 h, i). All of the allegations are non-delegable duties of the employer.

26. First, providing a safe work environment is a non-delegable duty of the employer. *Peter*s, 489 S.W.3d at 795. Second, the choice of equipment (i.e. with or without air conditioning) is a duty of the employer. *Id.* Third, providing water to employees is non-delegable under an employer's duty to provide a safe workplace. Fourth, providing warnings and enforcing rules is a non-delegable duty of an employer. *Id.* Thus, Plaintiffs have not established that Richardson violated any common-law duty owed to Decedent.

27. As there is no reasonable basis in law or in fact to impose liability upon Richardson, who is immune by virtue of RSMo. Section 287.120.1, it is evident that he was fraudulently joined in an attempt to prevent Townsend from removing this case to federal court.

*Sufficient Amount in Controversy*

*28.* In the prayer for relief contained in the Petition, Plaintiffs acknowledge that they are seeking damages "in excess of $75,000 ($75,000), together with their costs herein incurred and expended and for such other relief as the Court deems just and proper." Therefore, the amount is controversy requirement is satisfied.

*Notice to State Court and to Plaintiff*

29. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice is being filed in the Circuit Court of Butler County, Missouri, and to counsel for Plaintiffs.

*No Waiver of Defenses*

30. The filing of this notice of removal is expressly made subject to and without waiving any defense Townsend may have regarding Plaintiffs' claims against it, including the defense of lack of personal jurisdiction over Townsend.

7

Respectfully submitted,

By: */s/ Matthew W. Geary*
George P. Coughlin    EDMoBar#25075MO
Matthew W. Geary    EDMoBar#53328MO

DYSART TAYLOR COTTER
McMONIGLE & MONTEMORE, P.C.
4420 Madison Avenue
Kansas City, MO  64111-3407
(816) 931-2700/ (Fax) 931-7377
gcoughlin@dysarttaylor.com
mgeary@dysarttaylor.com

ATTORNEYS FOR DEFENDANT
TOWNSEND CORPORATION OF
INDIANA

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2017, the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, and sent via electronic mail to:

    Kirk R. Presley
    Sean M. Brown
    PRESLEY & PRESLEY, LLC
    4801 Main St., Ste. 375
    Kansas City, Missouri 64112
    kirk@prelseyandpresley.com
    sean@presleyandpresley.com

    C.H. Parsons
    PARSONS LAW FIRM
    7 N. Elm St.
    Dexter, Missouri 63841
    Plcd9@midwest.net

    ATTORNEYS FOR PLAINTIFFS

    Justin S. Chappell
    BROWN & JAMES, P.C.
    800 Market St., Ste. 1100
    St. Louis, Missouri 3101
    jchappell@bjpc.com

    ATTORNEY FOR DEFENDANT
    RICHARDSON

   /s/    *Matthew W. Geary*
Attorney for Defendant Townsend Corporation
of Indiana