**16BT-CV02812**

Electronically Filed - Butler - November 23, 2016 - 12:14 PM

## IN THE CIRCUIT COURT OF BUTLER COUNTY, MISSOURI

| | |
|---|---|
| ANDREW HALSEY<br>**903 Bello Mondo Drive, Spt. 6**<br>**Platte City, Missouri  64708**<br><br>and<br><br>TAMMY KENNEDY<br>**502 Chautauqua Lane**<br>**Dexter, Missouri  63841**<br><br>        Plaintiffs,<br><br>v.<br><br>THE TOWNSEND CORPORATION OF<br>INDIANA d/b/a/ TOWNSEND TREE SERVICE<br>    **Serve: Registered Agent**<br>          **CT Corporation System**<br>          **120 South Central Avenue**<br>          **Clayton, Missouri  63105**<br><br>and<br><br>JEFF ALAN<br>    **Serve: Jeff Alan**<br>          **1709 Ray Street**<br>          **Dexter, Missouri  63841**<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>PETITION FOR DAMAGES</u>

**COME NOW** Plaintiffs, by and through counsel, and for their general allegations against Defendant The Townsend Corporation of Indiana d/b/a Townsend Tree Service, state and allege as follows:

1.  This Petition arises out of the death of Tyler Scott Halsey on July 23, 2016.

### <u>Parties and Jurisdiction</u>

EXHIBIT A

Electronically Filed - Butler - November 23, 2016 - 12:14 PM

2.  Plaintiff Andrew Halsey is, and at all times relevant to this Petition was, an individual resident of the State of Missouri.  Andrew Halsey is the natural father of decedent Tyler Halsey and is a member of the class of people entitled to bring an action pursuant to R.S.Mo. § 537.080.1(1) for the wrongful death of his son.

3.  Plaintiff Tammy Kennedy is, and at all times relevant to this Petition was, an individual resident of the State of Missouri.  Tammy Kennedy is the natural mother of decedent Tyler Halsey and is a member of the class of people entitled to bring an action pursuant to R.S.Mo. § 537.080.1(1) for the wrongful death of her son.

4.  Defendant The Townsend Corporation of Indiana d/b/a Townsend Tree Service (hereinafter "Townsend") is an Indiana Corporation with its principal place of business in Muncie, Indiana.

5.  Defendant Townsend is registered to do business in the State of Missouri and is in good standing.  Townsend conducts substantial business in the State of Missouri, such that being haled into court in the State would not offend traditional notions of fair play and substantial justice.

6.  Defendant Jeff Allen is, and at all times relevant to this Petition was, an individual resident of the State of Missouri.

7.  Jurisdiction and venue are properly in Butler County, Missouri, pursuant to R.S.Mo. § 508.010.11 because decedent Tyler Halsey was first injured by the wrongful acts and negligent conduct of defendants in Butler County.

## ALLEGATIONS COMMON TO ALL COUNTS

8.  Defendant Townsend operates a tree trimming, clearance, and integrated vegetation management service for power and communication lines, pipelines, and roadways.

Electronically Filed - Butler - November 23, 2016 - 12:14 PM

9.  On or about July 22, 2016, decedent Tyler Halsey was employed by Defendant Townsend as a member of a road crew which trimmed trees in and around Butler and Stoddard Counties, Missouri.

10. On July 22, 2016, decedent Tyler Halsey had been employed by Defendant Townsend for approximately four (4) days.

11. On July 22, 2016, Defendant Jeff Allen was employed by Defendant Townsend as a member of the same road crew as decedent Tyler Halsey.

12. On July 22, 2016, Defendant Jeff Allen's job duties included supervising decedent Tyler Halsey.

13. The high temperature in Dexter, Missouri, on Friday, July 22, 2016, was 96 degrees Fahrenheit.

14. Tyler's job with Townsend involved working ten (10) hour days outside.

15. Tyler had an innate susceptibility to heat stroke due to his physical condition and lack of experience working outdoors in a hot environment.

16. Tyler's innate susceptibility to heat exhaustion is an idiopathic condition.

17. Heat stroke is a dangerous and potentially fatal condition that can affect any member of the general population, whether or not they are engaged in tree trimming and branch removal activities.

18. Tyler's job with Townsend involved working outdoors for 10 hours a day during the hottest part of the day.

19. At some point during the work day on July 22, 2016, Tyler Halsey succumbed to heat stroke.

Electronically Filed - Butler - November 23, 2016 - 12:14 PM

20. Despite working in the same environmental conditions as Tyler, none of Tyler's co-workers were similarly affected.

21. Tyler was taken to the Poplar Bluff Regional Medical Center where he was treated for heat stroke.

22. Tyler died on July 23, 2016, at the Poplar Bluff Regional Medical Center.

**COUNT I – WRONGFUL DEATH / NEGLIGENCE**
**(Plaintiffs v. Defendant Townsend)**

**COME NOW** Plaintiffs, by and through their assigned counsel, and for Count I of his Petition, hereby state and allege as follows:

23. Plaintiffs incorporate paragraphs 1 through 21 of this Petition as though fully set forth herein.

24. At all times relevant to this Petition, Defendant had an obligation to exercise reasonable and ordinary care to insure that its employees, like decedent Tyler Halsey, were not exposed to an increased risk of harm.

25. Defendant Townsend was, or should have been, aware of the physical condition and job history of decedent Tyler Halsey.

26. At all times relevant to this Petition, Defendant had an obligation to accommodate Mr. Halsey's physical condition and not to place him at an increased risk of harm for injury and death from heat stroke.

27. Defendant breached its duty and was negligent in the following respects:

   a.   In failing to allow for sufficient breaks and for failing to provide sufficient water to its employees;

   b.   In failing to train its supervisors and employees to recognize and treat the symptoms of heat exhaustion / stroke;

Electronically Filed - Butler - November 23, 2016 - 12:14 PM

    c.  In failing to establish procedures and policies to protect employees from the dangers of heat exhaustion / stroke;

    d.  In directing Mr. Halsey to continue working despite evidence of heat exhaustion;

    e.  In failing to enforce any procedures and policies it had to protect employees from the dangers of heat exhaustion / stroke;

    f.  Negligently failing to provide a sufficient method for Mr. Halsey to cool off when it was reasonably foreseeable that failing to do so would cause him injury; and

    g.  In disabling the air conditioning in its vehicles.

28. Mr. Halsey's idiopathic susceptibility to heat exhaustion directly or indirectly contributed to his injury.

29. Defendant's negligence directly and proximately contributed to cause Mr. Halsey to succumb to heat exhaustion and die.

30. As a direct and proximate result of Defendant's negligence, Plaintiffs sustained expenses for medical supplies, medicine, and the services of physicians, nurses, hospitals, pharmacists, and other health care providers and related medical expenses for his son.

**WHEREFORE** Plaintiffs pray for judgment against Defendant in an amount which is fair and reasonable, in excess of Seventy Five Thousand Dollars ($75,000), together with their costs herein incurred and expended and for such other relief as the Court deems just and proper.

**COUNT II – WRONGFUL DEATH / NEGLIGENCE**
**(Plaintiffs v. Jeff Alan)**

Electronically Filed - Butler - November 23, 2016 - 12:14 PM

**COME NOW** Plaintiffs, by and through their assigned counsel, and for Count II of his Petition, hereby states and alleges as follows:

31. Plaintiffs incorporate paragraphs 1 through 29 of this Petition as though fully set forth herein.

32. At all times relevant to this Petition, Defendant Allen's job duties included managing, supervising, and / or overseeing safety and work being done at the jobsites where decedent Tyler Halsey worked.

33. Defendant Allen was, or should have been, aware of the physical condition and job history of decedent Tyler Halsey.

34. On July 22, 2016, Defendant Allen had a duty to use the degree of care that an ordinarily careful person would use under the same or similar circumstances.

35. Defendant Allen breached his duty of care and was negligent in the following respects:

    a.   Failing to take reasonable measure to protect Mr. Halsey;

    b.   Failing to recognize the risk of injury to Mr. Halsey;

    c.   Failing to allow sufficient break periods to Mr. Halsey;

    d.   Directing Decedent to continue working despite indications of heat exhaustion;

    e.   Disabling the air conditioning in work trucks so Mr. Halsey had no way to escape the heat;

    f.   Failing to ensure that co-employees under his supervision had enough water;

    g.   Failing to provide water to co-employees under his supervision;

    h.   Failing to warn Mr. Halsey about the dangers of heat exhaustion / stroke; and

Electronically Filed - Butler - November 23, 2016 - 12:14 PM

      i.   Failing to enforce company safety policies.

36. Defendant's negligence directly and proximately contributed to cause Mr. Halsey to succumb to heat exhaustion and die.

37. As a direct and proximate result of Defendant's negligence, Plaintiffs sustained expenses for medical supplies, medicine, and the services of physicians, nurses, hospitals, pharmacists, and other health care providers and related medical expenses for his son.

**WHEREFORE** Plaintiffs pray for judgment against Defendant in an amount which is fair and reasonable, in excess of Seventy Five Thousand Dollars ($75,000), together with their costs herein incurred and expended and for such other relief as the Court deems just and proper.

Respectfully Submitted,

PRESLEY & PRESLEY, LLC

By/s/ Kirk R. Presley
KIRK R. PRESLEY   MO# 31185
SEAN M BROWN   MO# 65808
4801 Main Street, Suite 375
Kansas City, Missouri 64112
Email:      kirk@presleyandpresley.com
              sean@presleyandpresley.com
Telephone:   (816) 931-4611
Facsimile:    (816) 931-4646
ATTORNEYS FOR PLAINTIFF
ANDREW HALSEY

Electronically Filed - Butler - November 23, 2016 - 12:14 PM

PARSONS LAW FIRM


By/s/  C.H. Parsons, Jr.
C.H. PARSONS        MO# 188322
7 N Elm Street
Dexter, Missouri  63841
Email:        plcd9@midwest.net
Telephone:    (573) 624-5901
Facsimile:    (573) 624-5443
ATTORNEYS FOR PLAINTIFF
TAMMY KENNEDY



# IN THE 36TH JUDICIAL CIRCUIT COURT, BUTLER COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL MARTIN PRITCHETT | Case Number:  16BT-CV02812 |
|---|---|
| Plaintiff/Petitioner:<br>ANDREW HALSEY ET AL | Plaintiff's/Petitioner's Attorney/Address<br>KIRK ROWAN PRESLEY<br>4801 Main St.<br>Suite 375 |
| vs. | KANSAS CITY, MO  64116 |
| Defendant/Respondent:<br>THE TOWNSEND CORPORATION OF INDIANA<br>DBA:   TOWNSEND TREE SERVICE ET AL | Court Address:<br>100 N MAIN ST<br>POPLAR BLUFF, MO  63901 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** | **THE TOWNSEND CORPORATION OF INDIANA**<br>**Alias:**<br>**DBA:   TOWNSEND TREE SERVICE** |

**RA: CT CORPORATION SYSTEM**
**120 SOUTH CENTRAL AVENUE**
**CLAYTON, MO  63105**

*COURT SEAL OF*

*BUTLER COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 11/23/2016 | *Marsha Sorensen* |
|---|---|
| Date | Clerk |

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
Date                                          Notary Public

---

### Sheriff's Fees

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 36TH JUDICIAL CIRCUIT COURT, BUTLER COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL MARTIN PRITCHETT | Case Number:  16BT-CV02812 |
|---|---|
| Plaintiff/Petitioner:<br>ANDREW HALSEY ET AL | Plaintiff's/Petitioner's Attorney/Address<br>KIRK ROWAN PRESLEY<br>4801 Main St.<br>Suite 375<br>KANSAS CITY, MO  64116 |
| **vs.** | |
| Defendant/Respondent:<br> THE TOWNSEND CORPORATION OF INDIANA<br>DBA:  TOWNSEND TREE SERVICE ET AL | Court Address:<br>100 N MAIN ST<br>POPLAR BLUFF, MO  63901 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  JEFF ALAN**
 **Alias:**

**1709 RAY STREET**
**DEXTER, MO  63841**

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| 11/23/2016 | *Marsha Sorenson* |
|---|---|
| Date | Clerk |

*BUTLER COUNTY*

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*    Subscribed and sworn to before me on _____ (date).

My commission expires: _____    _____
Date                                    Notary Public

---

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 36TH JUDICIAL CIRCUIT COURT, BUTLER COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL MARTIN PRITCHETT | Case Number:  16BT-CV02812 |
|---|---|
| Plaintiff/Petitioner:<br>ANDREW HALSEY ET AL | Plaintiff's/Petitioner's Attorney/Address<br>KIRK ROWAN PRESLEY<br>4801 Main St.<br>Suite 375<br>KANSAS CITY, MO  64116 |
| vs. | |
| Defendant/Respondent:<br>THE TOWNSEND CORPORATION OF INDIANA<br>DBA:  TOWNSEND TREE SERVICE ET AL | Court Address:<br>100 N MAIN ST<br>POPLAR BLUFF, MO  63901 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

**CINDI BOWMAN<br>CIRCUIT CLERK**

DEC 1 2 2016

**FILED**

## Summons in Civil Case

The State of Missouri to:  JEFF ALAN
    Alias:

**1709 RAY STREET<br>DEXTER, MO  63841**

**COURT SEAL OF**

**BUTLER COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 11/23/2016 | Marsha Sorenson |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☑ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _Jody Pixley_ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other

Served at _1709 Ray_ (address)

in _Stoddard_ (County/City of St. Louis), MO, on _12/2/16_ (date) at _1798_ (time).

_Andrew Johnson_                    _X_  _4800_
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*  Subscribed and sworn to before me on _____ (date).

My commission expires: _____
    Date      Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | 20.00 |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ | 10.00 |
| Mileage | $ | 10.80 ( ____ miles at ____ per mile) |
| Total | $ | 40.80 |

**PAID**

**RECEIVED<br>SHERIFF'S DEPT**

DEC 0 2 2016

**STODDARD COUNTY**

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# Stoddard County Sheriff's Office

### 207 S Prairie, Bloomfield, MO 63825

## SERVICE SHEET

| | | |
|---|---|---|
| Case Number<br>**16BT-CV02812** | Case Name<br>**ANDREW HALSEY ET AL VS THE<br>TOWNSEND CORPORATION OF INDIANA<br>DBA TOWNSEND TREE SERVICE ET AL** | Service Record<br>**2016-01967** |

Service Requested By
**PRESLEY AND PRESLEY LLC**

Case Type
**CIVIL SUMMONS**

Description

Received Date
**12/02/2016**

Expiration Date
**12/16/2016**

**Party to be Served**

| Name  **ALAN, JEFF** | License No. | | SSN |
|---|---|---|---|
| DOB          Race | Sex | Hair | Eyes |
| Address  **1709 RAY ST, DEXTER, MO 63841** | | | |
| Phone   *820-5580* | | | |
| Employer | | | |
| Address | | | |
| Phone | | | |

**Cautions:**

**Special Instructions:**

## Service Attempts

| Date/Time | DSN | Comments |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**Party Receiving Paper**     *Jody Ripley*

© 1994 - 2016, Information Technologies, Inc. http://www.itiusa.com

Electronically Filed - Butler - December 30, 2016 - 02:54 PM

IN THE CIRCUIT COURT OF BUTLER COUNTY
STATE OF MISSOURI

ANDREW HALSEY and TAMMY       )
KENNEDY,                      )
                              )
    Plaintiffs,               )
                              )
vs.                           )          Cause No. 16BT-CV02812
                              )
THE TOWNSEND CORPORATION OF   )
INDIANA d/b/a TOWNSEND TREE   )
SERVICE and JEFF ALAN         )
                              )
    Defendants.               )

**DEFENDANT JEFFREY ALAN RICHARDSON'S (INCORRRECTLY NAMED AS
JEFF ALAN) ANSWER TO PLAINTIFFS' PETITION**

    Comes now Defendant Jeffrey Alan Richardson (incorrectly named in the Petition as Jeff Alan), and for his Answer to Plaintiffs' Petition, states as follows:

    1.    Defendant denies any acts of negligence as alleged by Plaintiffs in the Petition. Defendant otherwise lacks sufficient information to admit or deny the allegations contained in Paragraph 1, and therefore holds Plaintiffs to strict proof thereof.

    2.    Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 2, and therefore holds Plaintiffs to strict proof thereof.

    3.    Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 3, and therefore holds Plaintiffs to strict proof thereof.

    4.    Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 4, and therefore holds Plaintiffs to strict proof thereof.

    5.    Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 5, and therefore holds Plaintiffs to strict proof thereof.

Electronically Filed - Butler - December 30, 2016 - 02:54 PM

6.      Defendant admits the allegations of Paragraph 6.

7.      Defendant denies the allegations of Paragraph 7.

8.      Defendant admits the allegations of Paragraph 8.

9.      Defendant admits the allegations of Paragraph 9.

10.      Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 10, and therefore holds Plaintiffs to strict proof thereof.

11.      Defendant admits the allegations of Paragraph 11.

12.      Defendant admits the allegations of Paragraph 12.

13.      Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 13, and therefore holds Plaintiffs to strict proof thereof.

14.      Defendant denies the allegations of Paragraph 14.

15.      Defendant denies the allegations of Paragraph 15.

16.      Defendant denies the allegations of Paragraph 16.

17.      Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 17, and therefore holds Plaintiffs to strict proof thereof.

18.      Defendant denies the allegations of Paragraph 18.

19.      Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 19, and therefore holds Plaintiffs to strict proof thereof.

20.      Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 20, and therefore holds Plaintiffs to strict proof thereof.

21.      Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 21, and therefore holds Plaintiffs to strict proof thereof.

Electronically Filed - Butler - December 30, 2016 - 02:54 PM

22.   Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 22, and therefore holds Plaintiffs to strict proof thereof.

## REPLY TO COUNT I

Defendant makes no answer to Count I because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

## ANSWER TO COUNT II

31.   Defendant re-alleges and incorporates by reference herein its Answers to Paragraphs 1 through 30 above.

32.   Defendant admits that he was the foreman of the crew on which Tyler Halsey was working on July 22, 2016 and that his duties included supervising the crew on said day. Defendant denies any remaining allegations of Paragraph 32 not specifically admitted herein.

33.   Defendant denies the allegations of Paragraph 33.

34.   Defendant makes no answer to Paragraph 34 to the extent it states legal conclusions, not facts, to which no answer is required.  Defendant further denies any allegations of fact inconsistent with the obligations imposed upon Defendant by Missouri law.

35.   Defendant denies the allegations of Paragraph 35, including each subpart.

36.   Defendant denies the allegations of Paragraph 36.

37.   Defendant denies the allegations of Paragraph 37.

## FIRST AFFIRMATIVE DEFENSE TO COUNT II

For his First Affirmative Defense, Defendant states that Count II of Plaintiffs' Petition fails to state a cause of action upon which relief can be granted against this Defendant because it fails to allege facts sufficient to state a cause of action against Defendant pursuant to §287.120.1.

Electronically Filed - Butler - December 30, 2016 - 02:54 PM

## SECOND AFFIRMATIVE DEFENSE TO COUNT II

For his Second Affirmative Defense, Defendant states that Plaintiffs' claims are barred as a matter of law by the exclusivity provisions of the Missouri Workers' Compensation Law, R.S.Mo. §287.120.  Plaintiffs' alleged injuries, if any, were the result of an accident that arose out of and in the course of decedent's employment.  Accordingly, the Workers' Compensation Law provides the exclusive remedy for Plaintiffs with respect to the claims asserted against Defendant and this Court lacks jurisdiction over the subject matter.

## THIRD AFFIRMATIVE DEFENSE TO COUNT II

For his Third Affirmative Defense, Defendant states that Plaintiffs' claims are barred by §287.120.1 as amended in 2012, because compensation was recoverable to Plaintiffs under the Missouri Workers' Compensation Statute, and therefore Defendant is released from any all liability whatsoever, and Plaintiffs did not plead nor can Plaintiffs prove that Defendant engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury.

## FOURTH AFFIRMATIVE DEFENSE TO COUNT II

For his Fourth Affirmative Defense, Defendant states that Plaintiffs have failed to state a cause of action against Defendant, and Plaintiffs' claim must fail because Defendant owed and owes no personal duty of care to Plaintiffs or decedent Tyler Halsey.

## FIFTH AFFIRMATIVE DEFENSE TO COUNT II

For his Fifth Affirmative Defense, Defendant sates that Plaintiffs' Petition fails to state a cause of action against Defendant because Plaintiffs' allegations amount to nothing more than an allegation that Defendant failed to discharge the non-delegable duty of decedent Tyler Halsey's

4

Electronically Filed - Butler - December 30, 2016 - 02:54 PM

employer to provide a safe workplace, and as a matter of law, Defendant owed no personal duty of care to decedent Tyler Halsey to discharge that duty.

### SIXTH AFFIRMATIVE DEFENSE TO COUNT II

For his Sixth Affirmative Defense, Defendant states that whatever injuries and damages Plaintiffs may have sustained, if any, were the direct and proximate result of decedent Tyler Halsey's own carelessness, negligence and/or comparative fault, and Plaintiffs' recovery is therefore barred or should be proportionally reduced due to decedent Tyler Halsey's contributory and/or comparative negligence.

### SEVENTH AFFIRMATIVE DEFENSE TO COUNT II

For his Seventh Affirmative Defense, Defendant states that whatever injuries and damages were sustained by Plaintiffs, if any, were the direct and proximate result of the negligence of individuals and entities over whom this Defendant has no control, and as a result, Defendant is entitled to a pro rata reduction in any judgment against him in an amount which corresponds to the relative degree of negligence of said other individuals or entities.

### EIGHTH AFFIRMATIVE DEFENSE TO COUNT II

For his Eighth Affirmative Defense, Defendant states that he intends to rely upon the provisions of §490.715 R.S.Mo. as amended by tort reform effective August 28, 2005, limiting the economic damages for medical expenses to the amounts actually paid to healthcare providers.

### NINTH AFFIRMATIVE DEFENSE TO COUNT II

For his Ninth Affirmative Defense, Defendant states that Plaintiffs have failed to mitigate their damages.

Electronically Filed - Butler - December 30, 2016 - 02:54 PM

### TENTH AFFIRMATIVE DEFENSE TO COUNT II

For his Tenth Affirmative Defense, Defendant states that his actions were not the proximate cause of decedent's death or Plaintiffs' alleged injuries.

### ELEVENTH AFFIRMATIVE DEFENSE TO COUNT II

For his Eleventh Affirmative Defense, Defendant pleads insufficiency of personal service of process upon him pursuant to Rule 54.13.

### TWELFTH AFFIRMATIVE DEFENSE TO COUNT II

For his Twelfth Affirmative Defense, Defendant states that Plaintiffs are barred from recovery from this Defendant because decedent knew or in the exercise of ordinary care should have known of the risks and hazards involved with respect to the occurrence which is the subject of Plaintiffs' action, but nevertheless and with full knowledge, did fully and voluntary consent to assume such risks and hazards.

### THIRTEENTH AFFIRMATIVE DEFENSE TO COUNT II

For its Thirteenth Affirmative Defense, Defendant states that decent proceeded unreasonably in the face of an open and obvious hazard, and in so doing assumed the risk of his conduct for which Defendant cannot be liable.

### FOURTEENTH AFFIRMATIVE DEFENSE TO COUNT II

For his Fourteenth Affirmative Defense, Defendant states that decedent's death and/or Plaintiffs' alleged damages were sustained as a direct result of unforeseeable, superseding and/or intervening causes for which Defendant is neither responsible nor liable.

Electronically Filed - Butler - December 30, 2016 - 02:54 PM

## FIFTEENTH AFFIRMATIVE DEFENSE TO COUNT II

For his Fifteenth Affirmative Defense, Defendant states that Plaintiffs' claim that Plaintiffs' alleged injuries are attributable, at least in part, to a breach by decedent Tyler Halsey's employer of that employer's non-delegable duties regarding workplace safety, and as such Defendant can owe no duty of care in negligence.

## SIXTEENTH AFFIRMATIVE DEFENSE TO COUNT II

For his Sixteenth Affirmative Defense, Defendant hereby gives notice that he intends to rely upon such other additional affirmative defenses that may become available or appears subsequently in this case, including during the course of discovery proceedings, and hereby reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, having fully answered Plaintiffs' Petition, Defendant Jeffrey Alan Richardson prays to be dismissed hence with his costs.

Justin S. Chapell (50954)
Brown & James, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri 63101
(314) 242-5231
Fax (314) 242-5431
Email: jchapell@bjpc.com

Attorneys for Defendant
Jeffrey Alan Richardson

7

Electronically Filed - Butler - December 30, 2016 - 02:54 PM

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)

I hereby certify that a copy of the foregoing pleading was served by the Court's electronic filing system on this _30th_ day of ___Dec___, 2016, on the counsel of record listed below. In addition, the undersigned counsel certifies under Rule 55.03(a) of the Missouri Rules of Civil Procedure that (he/she) has signed the original of this Certificate and the foregoing pleading.

Mr. Kirk R. Presley
Mr. Sean M. Brown
Presley & Presley, LLC
Attorneys for Plaintiff Andrew Halsey
4801 Main Street, Suite 375
Kansas City, Missouri 64112

Mr. C. H. Parsons
Parsons Law Firm
Attorneys for Plaintiff Tammy Kennedy
7 N. Elm Street
Dexter, Missouri 63841

Justin S. Chapell (50954)
Brown & James, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri 63101
(314) 242-5231
Fax (314) 242-5431
Email: jchapell@bjpc.com

Attorneys for Defendant
Jeffrey Alan Richardson

JSC:maf:13371708

8

Electronically Filed - Butler - December 30, 2016 - 02:54 PM

IN THE CIRCUIT COURT OF BUTLER COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| ANDREW HALSEY and TAMMY KENNEDY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Cause No. 16BT-CV02812 |
| THE TOWNSEND CORPORATION OF INDIANA d/b/a TOWNSEND TREE SERVICE and JEFF ALAN | ) ) ) ) | |
| Defendants. | ) ) | |

**ENTRY OF APPEARANCE**

Come now Brown & James, P.C. and Justin S. Chapell and enter their appearances as attorneys for defendant Jeffrey Alan Richardson, incorrectly named in the Petition as Jeff Alan.

Justin S. Chapell (50954)
Brown & James, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri 63101
(314) 242-5231
Fax (314) 242-5431
Email: jchapell@bjpc.com

Attorneys for Defendant
Jeffrey Alan Richardson

Electronically Filed - Butler - December 30, 2016 - 02:54 PM

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)

I hereby certify that a copy of the foregoing pleading was served by the Court's electronic filing system on this 30ᵗʰ day of ___Dec___, 2016, on the counsel of record listed below.  In addition, the undersigned counsel certifies under Rule 55.03(a) of the Missouri Rules of Civil Procedure that (he/she) has signed the original of this Certificate and the foregoing pleading.

Mr. Kirk R. Presley
Mr. Sean M. Brown
Presley & Presley, LLC
Attorneys for Plaintiff Andrew Halsey
4801 Main Street, Suite 375
Kansas City, Missouri  64112

Mr. C. H. Parsons
Parsons Law Firm
Attorneys for Plaintiff Tammy Kennedy
7 N. Elm Street
Dexter, Missouri  63841

Justin S. Chapell (50954)
Brown & James, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri 63101
(314) 242-5231
Fax (314) 242-5431
Email: jchapell@bjpc.com

Attorneys for Defendant
Jeffrey Alan Richardson

JSC:maf:13371704

Electronically Filed - Butler - January 09, 2017 - 02:57 PM

IN THE CIRCUIT COURT OF BUTLER COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| ANDREW HALSEY and TAMMY KENNEDY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Cause No. 16BT-CV02812 |
| THE TOWNSEND CORPORATION OF INDIANA d/b/a TOWNSEND TREE SERVICE and JEFF ALAN | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT JEFFREY ALAN RICHARDSON'S (INCORRRECTLY NAMED AS JEFF ALAN) FIRST AMENDED ANSWER TO PLAINTIFFS' PETITION**

Comes now Defendant Jeffrey Alan Richardson (incorrectly named in the Petition as Jeff Alan), and for his First Amended Answer to Plaintiffs' Petition, states as follows:

1.      Defendant denies any acts of negligence as alleged by Plaintiffs in the Petition. Defendant otherwise lacks sufficient information to admit or deny the allegations contained in Paragraph 1, and therefore holds Plaintiffs to strict proof thereof.

2.      Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 2, and therefore holds Plaintiffs to strict proof thereof.

3.      Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 3, and therefore holds Plaintiffs to strict proof thereof.

4.      Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 4, and therefore holds Plaintiffs to strict proof thereof.

5.      Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 5, and therefore holds Plaintiffs to strict proof thereof.

Electronically Filed - Butler - January 09, 2017 - 02:57 PM

6.      Defendant Jeffrey Alan Richardson, incorrectly named as Jeff Allen, admits the allegations of Paragraph 6.

7.      Defendant denies the allegations of Paragraph 7.

8.      Defendant denies the allegations of Paragraph 8.

9.      Defendant admits that on July 22, 2016, decedent Tyler Halsey was employed as a member of a road crew which trimmed trees in and around Butler and Stoddard Counties, Missouri.  Defendant denies all remaining allegations of Paragraph 9 not specifically admitted herein.

10.     Defendant admits that on July 22, 2016, decedent Tyler Halsey had been employed for approximately four days.   Defendant denies all remaining allegations of Paragraph 10 not specifically admitted herein.

11.     Defendant admits that on July 22, 2016, Defendant Jeffrey Alan Richardson, incorrectly named as Jeff Allen, was employed as a member of the same road crew as decedent Tyler Halsey.   Defendant denies all remaining allegations of Paragraph 11 not specifically admitted herein.

12.     Defendant admits the allegations of Paragraph 12.

13.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 13, and therefore holds Plaintiffs to strict proof thereof.

14.     Defendant denies the allegations of Paragraph 14.

15.     Defendant denies the allegations of Paragraph 15.

16.     Defendant denies the allegations of Paragraph 16.

17.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 17, and therefore holds Plaintiffs to strict proof thereof.

Electronically Filed - Butler - January 09, 2017 - 02:57 PM

18.     Defendant denies the allegations of Paragraph 18.

19.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 19, and therefore holds Plaintiffs to strict proof thereof.

20.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 20, and therefore holds Plaintiffs to strict proof thereof.

21.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 21, and therefore holds Plaintiffs to strict proof thereof.

22.     Defendant is without sufficient knowledge and information to admit or deny the allegations of Paragraph 22, and therefore holds Plaintiffs to strict proof thereof.

## REPLY TO COUNT I

Defendant makes no answer to Count I because none of the allegations contained therein are directed against him.  To the extent any allegations of said count are construed as applying to this Defendant, such allegations are denied outright, or denied due to lack of information.

## ANSWER TO COUNT II

31.     Defendant re-alleges and incorporates by reference herein its Answers to Paragraphs 1 through 30 above.

32.     Defendant admits that he was the foreman of the crew on which Tyler Halsey was working on July 22, 2016 and that his duties included supervising the crew on said day. Defendant denies any remaining allegations of Paragraph 32 not specifically admitted herein.

33.     Defendant denies the allegations of Paragraph 33.

34.     Defendant makes no answer to Paragraph 34 to the extent it states legal conclusions, not facts, to which no answer is required.  Defendant further denies any allegations of fact inconsistent with the obligations imposed upon Defendant by Missouri law.

Electronically Filed - Butler - January 09, 2017 - 02:57 PM

35.     Defendant denies the allegations of Paragraph 35, including each subpart.

36.     Defendant denies the allegations of Paragraph 36.

37.     Defendant denies the allegations of Paragraph 37.

## FIRST AFFIRMATIVE DEFENSE TO COUNT II

For his First Affirmative Defense, Defendant states that Count II of Plaintiffs' Petition fails to state a cause of action upon which relief can be granted against this Defendant because it fails to allege facts sufficient to state a cause of action against Defendant pursuant to §287.120.1.

## SECOND AFFIRMATIVE DEFENSE TO COUNT II

For his Second Affirmative Defense, Defendant states that Plaintiffs' claims are barred as a matter of law by the exclusivity provisions of the Missouri Workers' Compensation Law, R.S.Mo. §287.120.  Plaintiffs' alleged injuries, if any, were the result of an accident that arose out of and in the course of decedent's employment.  Accordingly, the Workers' Compensation Law provides the exclusive remedy for Plaintiffs with respect to the claims asserted against Defendant and this Court lacks jurisdiction over the subject matter.

## THIRD AFFIRMATIVE DEFENSE TO COUNT II

For his Third Affirmative Defense, Defendant states that Plaintiffs' claims are barred by §287.120.1 as amended in 2012, because compensation was recoverable to Plaintiffs under the Missouri Workers' Compensation Statute, and therefore Defendant is released from any all liability whatsoever, and Plaintiffs did not plead nor can Plaintiffs prove that Defendant engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury.

Electronically Filed - Butler - January 09, 2017 - 02:57 PM

### FOURTH AFFIRMATIVE DEFENSE TO COUNT II

For his Fourth Affirmative Defense, Defendant states that Plaintiffs have failed to state a cause of action against Defendant, and Plaintiffs' claim must fail because Defendant owed and owes no personal duty of care to Plaintiffs or decedent Tyler Halsey.

### FIFTH AFFIRMATIVE DEFENSE TO COUNT II

For his Fifth Affirmative Defense, Defendant sates that Plaintiffs' Petition fails to state a cause of action against Defendant because Plaintiffs' allegations amount to nothing more than an allegation that Defendant failed to discharge the non-delegable duty of decedent Tyler Halsey's employer to provide a safe workplace, and as a matter of law, Defendant owed no personal duty of care to decedent Tyler Halsey to discharge that duty.

### SIXTH AFFIRMATIVE DEFENSE TO COUNT II

For his Sixth Affirmative Defense, Defendant states that whatever injuries and damages Plaintiffs may have sustained, if any, were the direct and proximate result of decedent Tyler Halsey's own carelessness, negligence and/or comparative fault, and Plaintiffs' recovery is therefore barred or should be proportionally reduced due to decedent Tyler Halsey's contributory and/or comparative negligence.

### SEVENTH AFFIRMATIVE DEFENSE TO COUNT II

For his Seventh Affirmative Defense, Defendant states that whatever injuries and damages were sustained by Plaintiffs, if any, were the direct and proximate result of the negligence of individuals and entities over whom this Defendant has no control, and as a result, Defendant is entitled to a pro rata reduction in any judgment against him in an amount which corresponds to the relative degree of negligence of said other individuals or entities.

Electronically Filed - Butler - January 09, 2017 - 02:57 PM

## EIGHTH AFFIRMATIVE DEFENSE TO COUNT II

For his Eighth Affirmative Defense, Defendant states that he intends to rely upon the provisions of §490.715 R.S.Mo. as amended by tort reform effective August 28, 2005, limiting the economic damages for medical expenses to the amounts actually paid to healthcare providers.

## NINTH AFFIRMATIVE DEFENSE TO COUNT II

For his Ninth Affirmative Defense, Defendant states that Plaintiffs have failed to mitigate their damages.

## TENTH AFFIRMATIVE DEFENSE TO COUNT II

For his Tenth Affirmative Defense, Defendant states that his actions were not the proximate cause of decedent's death or Plaintiffs' alleged injuries.

## ELEVENTH AFFIRMATIVE DEFENSE TO COUNT II

For his Eleventh Affirmative Defense, Defendant pleads insufficiency of personal service of process upon him pursuant to Rule 54.13.

## TWELFTH AFFIRMATIVE DEFENSE TO COUNT II

For his Twelfth Affirmative Defense, Defendant states that Plaintiffs are barred from recovery from this Defendant because decedent knew or in the exercise of ordinary care should have known of the risks and hazards involved with respect to the occurrence which is the subject of Plaintiffs' action, but nevertheless and with full knowledge, did fully and voluntary consent to assume such risks and hazards.

Electronically Filed - Butler - January 09, 2017 - 02:57 PM

### THIRTEENTH AFFIRMATIVE DEFENSE TO COUNT II

For its Thirteenth Affirmative Defense, Defendant states that decent proceeded unreasonably in the face of an open and obvious hazard, and in so doing assumed the risk of his conduct for which Defendant cannot be liable.

### FOURTEENTH AFFIRMATIVE DEFENSE TO COUNT II

For his Fourteenth Affirmative Defense, Defendant states that decedent's death and/or Plaintiffs' alleged damages were sustained as a direct result of unforeseeable, superseding and/or intervening causes for which Defendant is neither responsible nor liable.

### FIFTEENTH AFFIRMATIVE DEFENSE TO COUNT II

For his Fifteenth Affirmative Defense, Defendant states that Plaintiffs' claim that Plaintiffs' alleged injuries are attributable, at least in part, to a breach by decedent Tyler Halsey's employer of that employer's non-delegable duties regarding workplace safety, and as such Defendant can owe no duty of care in negligence.

### SIXTEENTH AFFIRMATIVE DEFENSE TO COUNT II

For his Sixteenth Affirmative Defense, Defendant hereby gives notice that he intends to rely upon such other additional affirmative defenses that may become available or appears subsequently in this case, including during the course of discovery proceedings, and hereby reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, having fully answered Plaintiffs' Petition, Defendant Jeffrey Alan Richardson prays to be dismissed hence with his costs.

7

Justin S. Chapell (50954)
Brown & James, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri 63101
(314) 242-5231
Fax (314) 242-5431
Email: jchapell@bjpc.com

Attorneys for Defendant
Jeffrey Alan Richardson

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)

I hereby certify that a copy of the foregoing pleading was served by the Court's electronic filing system on this 9th day of Jan , 2017, on the counsel of record listed below. In addition, the undersigned counsel certifies under Rule 55.03(a) of the Missouri Rules of Civil Procedure that (he/she) has signed the original of this Certificate and the foregoing pleading.

Mr. Kirk R. Presley
Mr. Sean M. Brown
Presley & Presley, LLC
Attorneys for Plaintiff Andrew Halsey
4801 Main Street, Suite 375
Kansas City, Missouri  64112

Mr. C. H. Parsons
Parsons Law Firm
Attorneys for Plaintiff Tammy Kennedy
7 N. Elm Street
Dexter, Missouri  63841

Justin S. Chapell (50954)
Brown & James, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri 63101
(314) 242-5231
Fax (314) 242-5431
Email: jchapell@bjpc.com

Attorneys for Defendant
Jeffrey Alan Richardson

JSC:maf:13371708

8