UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANDREW HALSEY, et al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE TOWNSEND CORPORATION OF )<br>INDIANA d/b/a TOWNSEND TREE )<br>SERVICE, et al., )<br>)<br>Defendants. ) | Case No. 1:17 CV 4 SNLJ |

## **MEMORANDUM and ORDER**

Plaintiffs' decedent, Tyler Halsey, suffered a fatal heat stroke while working on a tree trimming crew. Plaintiffs, who are the decedent's parents, filed this lawsuit in Circuit Court of Butler County, Missouri, against decedent's employer, Townsend Tree Service Company, LLC,[1] and decedent's supervisor, Jeff Richardson,[2] for wrongful death and negligence. Defendants removed the case to this Court under this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Plaintiffs have moved to remand the matter back to state court.

"Subject matter jurisdiction asserted under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the

---

[1] Plaintiff s allege that Tyler Halsey was employed by Townsend Corporation of Indiana, which they believed did business as Townsend Tree Service. Defendants state that Townsend Tree Service Company, LLC was in fact the decedent's employer, and that Townsend Tree Service Company, LLC is a wholly-owned subsidiary of Townsend Corporation. The parties plan to move to substitute Townsend Tree Service Company, LLC ("Townsend Tree") for Townsend Corporation.

[2] Jeffery Alan Richardson was incorrectly identified in plaintiff's complaint as Jeff Alan.

litigants, meaning 'where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" *Junk v. Terminix Intern. Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010)). No party contests that the amount in controversy here exceeds $75,000. As for diversity of citizenship between the parties, plaintiffs are both citizens of Missouri; defendant Townsend Tree --- the decedent's employer --- is a citizen of Indiana (where it is incorporated and where it has its principal place of business). Although defendant Jeff Richardson --- a co-employee of the decedent --- is a citizen of Missouri, defendants contend that he has been fraudulently joined to this action to defeat diversity jurisdiction, and that the motion to remand should be denied.

Fraudulent joinder is defined as "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). "Joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Id.* at 810 (quoting *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)). A plaintiff "cannot defeat a defendant's right of removal by joining a defendant who has 'no real connection to the controversy.'" *Herkenhoff*, 2014 WL 3894642 at *2 (quoting *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013)). "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla*, 336 F.3d at 810 (citing *Iowa*

2

*Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977) (emphasis in original)). However, if there is a "colorable" cause of action against the defendant, "that is, if the state law might impose liability on the resident defendant under the facts alleged" then there is no fraudulent joinder. *Id*.

The Court "may look to materials in the record, including affidavits, to determine whether they establish facts supporting claims against the defendant." *Herkenhoff v. Supervalu Stores, Inc.*, No. 4:13-CV-1974 SNLJ, 2014 WL 3894642, at *3 (E.D. Mo. Aug. 8, 2014).

Plaintiffs contend that Missouri state law would impose liability on resident defendant Jeff Richardson in this case. Their theory against defendant Richardson is that he was a co-employee and supervisor of decedent who committed several affirmatively negligent acts and who failed to enforce company safety policies. Specifically, plaintiffs allege that Richardson refused the decedent sufficient break periods, that he directed decedent to work despite indications of heat exhaustion, and that he disabled the air conditioning in the trucks, which denied decedent a place to escape the heat

Defendants contend that Richardson is immune from suit pursuant to Missouri's workers compensation statutes. § 287.120.1 RSMo. Under that statute, co-employees are not liable for injury or death of a fellow employee unless the employee "engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury." *Id.* "The statutory exception appears only to deny immunity to the co-employee, rather than creating a new or different cause of action in favor of the plaintiff.

Because the statute does not create an independent cause of action against a co-employee, the Court must look to the common law to determine whether a cause of action has been alleged." *A.T. v. Newark Corp.*, No. 4:16-cv-448-SNLJ, 2017 WL 57251, at *3 (E.D. Mo. Jan. 5, 2017). A two-part inquiry is thus required: First, was the co-employee engaged in "an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury[?]" *Id.* If so, has plaintiff "made allegations that otherwise establish a claim of common law negligence[?]" *Id.*

Defendants state that even if plaintiffs satisfied the first question, plaintiffs have not stated a claim for common law negligence against Richardson. A common law negligence claim against a co-employee requires that that the co-employee breached a duty owed independently of the master-servant relationship --- that is, a duty separate and distinct from the employer's nondelegable duties." *Id.* Such nondelegable duties include

> (1) the duty to provide a safe workplace, (2) the duty to provide safe appliances, tools, and equipment for work, (3) the duty to warn of dangers that employees might be and stay reasonably ignorant of, (4) the duty to provide a sufficient number of suitable fellow employees, and (5) the duty to promulgate and enforce rules for employee conduct that would maintain the safety of the workplace.

*Id.* (citing *Peters v. Wady Indus., Inc.*, 489 S.W.3d 784, 795 (Mo. banc 2016)). Each of the duties alleged by plaintiffs here are nondelegable duties of the employer. First, plaintiffs allege that defendant Richardson failed to enforce the defendant employer's safety policies, but the duty to "promulgate and enforce rules…that would maintain the safety of the workplace" is a non-delegable duty of the employer. *Id*. Plaintiffs further allege that Richardson directed the decedent to continue working. As this Court

4

explained in *A.T.*, however, even if a supervisor directs an employee to continue working despite knowing of a danger to the employee's health or safety, that co-employee is not liable to the plaintiff. *Id.* at *4; *see also Peters*, 489 S.W.3d at 799-800. Rather, that implicates the employer's non-delegable duty to provide a safe workplace. *Id.* Finally, plaintiffs' allegation regarding Richardson's responsibility for the air conditioning in trucks go to the employer's non-delegable duty to provide safe equipment. *Id.*

The *Peters* case is controlling, and its facts are comparable to those here. In *Peters*, a supervisory co-employee was warned of the potential dangers of storing and transporting stacked dowel baskets, but the supervisor directed the injured employee to transport the stacked baskets anyway. 489 S.W.3d at 799-800. The Missouri Supreme Court held that although the supervisor "was allegedly responsible for the unsafe manner in which the work was routinely performed," it was the employer's "nondelegable duty to provide a safe work environment, and it breaches that duty where it charged an employee with the responsibility to provide a reasonably safe work environment but the employee did not so provide." *Id.* The analysis here is the same.

The Court therefore holds there is no colorable cause of action against Richardson. Richardson has thus been fraudulently joined, there is complete diversity of citizenship, and the plaintiff's motion to remand will be denied.

5

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion to remand (#7) is DENIED.


Dated this  18th  day of May, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE