UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ANDREW HALSEY, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:17 CV 4 SNLJ |
| | ) | |
| THE TOWNSEND CORPORATION OF | ) | |
| INDIANA d/b/a TOWNSEND TREE | ) | |
| SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

Plaintiffs' decedent, Tyler Halsey, suffered a fatal heat stroke while working on a tree trimming crew. The decedent's parents, plaintiffs Tammy Kennedy and Andrew Halsey, filed this lawsuit against decedent's employer, Townsend Tree Service Company, LLC ("Townsend Tree"), and Townsend Tree's parent company, Townsend Corporation of Indiana. Townsend Tree has now moved for summary judgment based on the "election of remedies" doctrine.

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the

facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

Under Missouri's election of remedies doctrine, "an injured employee who has accepted benefits paid by his employer in compliance with the workers' compensation action cannot maintain a tort action against his employer." *Donner v. Alcoa, Inc.*, 709 F.3d 694, 698 (8th Cir. 2013) (internal quotation and changes omitted). Here, it is undisputed that the decedent's funeral and medical expenses --- totaling more than $20,000 --- were paid by Townsend Tree. Townsend Tree sent plaintiff Tammy Kennedy (decedent's mother) a letter standing that The Townsend Corporation would pay those expenses just five days after decedent's death.

The July 28, 2016 letter from Townsend Corporation[1] to plaintiff Kennedy stated in relevant part:

> Out of respect for your family and to help you through what we know is a significant financial burden, The Townsend Corporation would be honored to pay for Tyler's funeral and burial expenses….
>
> Townsend has not yet determined if your son's death is compensable under the Missouri Workers Compensation Act and we will continue our investigation until we have a full understanding of the facts and circumstances surrounding his death. If Tyler's death is determined to be a compensable claim under the Missouri Workers Compensation Act, the funeral and burial benefit available to Tyler's family would be limited to $5,000. As noted above, Townsend will voluntarily pay the entire amount due to the funeral home, even if that amount exceeds $5,000, with reservation of our right to dispute liability under the Missouri Workers Compensation Act. However we want to be clear that we will not seek reimbursement from any member of Tyler's family or from the funeral home, even if it is later determined that this is not a compensable claim.

(#31-1.) The letter provided instructions for how to have the funeral invoices paid and also included the decedent's last paycheck. Between the funeral expenses and medical expenses, Townsend paid $23,337.81. Defendant Townsend Tree was never reimbursed that money. Townsend Tree thus argues that plaintiffs "accepted" the workers compensation benefits and thus Missouri's election of remedies doctrine bars their tort claims against it.

Plaintiffs, however, insist that Townsend Tree's payments did not trigger the election of remedies doctrine. Accepting that Townsend Tree has paid what would be owed under the Missouri workers' compensation law, plaintiffs say they did not know

---

[1] The present motion for summary judgment was filed only by Townsend Tree, which suggests that it was responsible for paying the funeral and medical expenses. However, the letter appears to be from Townsend Corporation.

3

that Townsend intended the payments to be a resolution of its obligations or that the payments would be the sole compensation for decedent's death. Townsend relies upon *Neff v. Baiotto Coal Co.*, 234 S.W.3d 578 (Mo. 1950), which involved similar facts in which an employee accepted and retained monthly compensation and medical benefits paid by his employer. The Missouri Supreme Court held that the plaintiff's acceptance of those benefits "known by him to have been paid under the [Workers' Compensation] Law, for a period of a year, in our opinion, nevertheless constituted an election precluding the maintenance of the inconsistent instant action." *Id.* at 580. *See also Donner*, 709 F.3d at 698 (observing that "In *Neff*, it was the receipt of workers' compensation benefits, not the presence of a final award or judgment, that triggered application of the election of remedies doctrine.").

Critically, *Neff* acknowledges that the plaintiff there *knew* that compensation was paid under the workers' compensation law. The Missouri Supreme Court even contrasts the *Neff* plaintiff with another case in which an employee accepted payments but "probably did not understand the effect of the receipts he signed." 234 S.W.2d at 308 (discussing *Riegel v. Higgins, D.C.*, 241 F. 718, 721 (N.D. Cal. 1917)). *See also Knight v. Joines*, 819 S.W.2d 79, 81 (Mo. App. 1991) ("The doctrine of election of remedies requires that a party electing a remedy be cognizant of his legal rights and such facts as will enable an intelligent choice at the time of election.").

Here, plaintiffs were not advised that allowing the defendant to pay decedent's funeral and medical expenses would preclude them from bringing a tort action against

4

defendants. The letter sent to plaintiff Kennedy merely says that the company was "voluntarily" paying for the funeral and that it would reserve its right to dispute liability under the workers' compensation act. It explicitly stated that it had not yet determined its liability under the workers' compensation laws. Plaintiff says that letter was the only communication she received from defendant. Defendants argue that is untrue because plaintiff Kennedy was sent letters on January 16 and 17, 2017, and April 3, 2017, notifying her that Townsend Tree was treating decedent's injury and death as being covered by workers' compensation. But plaintiffs filed their lawsuit against defendants on November 23, 2016 --- well before either would have received letters regarding the workers' compensation activity in January.

Ultimately, Townsend Tree's self-described "voluntary" payment was not enough to alert the plaintiffs that they were accepting a workers' compensation payment such that it precluded them from bringing this lawsuit.

Accordingly,

IT IS HEREBY ORDERED that defendant Townsend Tree Service Company's motion for summary judgment (#29) is DENIED.

Dated this  22nd  day of November, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE