UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ANDREW HALSEY, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:17 CV 4 SNLJ |
| | ) | |
| THE TOWNSEND CORPORATION OF INDIANA d/b/a TOWNSEND TREE SERVICE, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM and ORDER**

Plaintiffs' decedent, Tyler Halsey, suffered a fatal heat stroke while working on a tree trimming crew. The decedent's parents, plaintiffs Tammy Kennedy and Andrew Halsey, filed this lawsuit against decedent's employer, Townsend Tree Service Company, LLC ("Townsend Tree"), and Townsend Tree's parent company, Townsend Corporation of Indiana. The defendants have moved for summary judgment (#50). The motion has been fully briefed, and plaintiffs sought (#57) and will receive leave to file their surreply in opposition to the motion. In addition, the Court asked for additional briefing on the matter of jurisdiction (#60), and both parties responded (#61, #62).

**I.      Factual Background**

The facts are largely undisputed. On July 22, 2016, plaintiffs' son, Tyler Halsey, was working his fourth day on the job on a road crew for Townsend Tree. It was a very hot day with temperatures in the 90s and a heat index of 115 degrees, so the workers were

1

instructed to and did take more frequent and longer breaks than normal. The decedent expressed his discomfort during the day but continued working.

Around 3:30 p.m., when the tree-trimming crew was packing up for the day, the decedent collapsed. He was transported to a hospital and died on July 23. An autopsy confirmed that the decedent's cause of death was hyperthermia. Although the decedent was obese, with a Body Mass Index ("BMI") of 41.35, his heart and other anatomy was apparently normal.

The decedent's employer paid approximately $23,000 in funeral and medical costs while reserving its rights to contest its liability under Missouri's workers compensation laws. Plaintiffs filed this lawsuit against defendant Townsend Tree and its parent company, defendant Townsend Corporation, alleging the companies had negligently allowed their son to die of heat stroke while on the job. After the plaintiffs filed this lawsuit, Townsend Tree notified plaintiffs that it had determined that decedent's injury and death were covered by workers' compensation after all.

## II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the

facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976).

**III. Discussion**

The claims against each of the two defendants are discussed separately below.

**A. Claim Against Townsend Tree**

The Missouri Workers Compensation Act "is the product of a trade-off: the employer forfeits his common law defenses to suits against him for his employee's injuries and assumes automatic liability." *Zueck v. Oppenheimer Gateway Properties, Inc.*, 809 S.W.2d 384, 388 (Mo. banc 1991). In return, "the employee forfeits his right to a potentially lucrative common law judgment in return for assured compensation." *Id.* The Workers Compensation Act provides that,

> if an "injury" comes within the definition of the term "accident" as defined in section 287.020.2, then it is included within the exclusivity provisions of the act, and recovery can be had, if at all, only under the terms set out in the act.

*Missouri All. for Retired Americans v. Dep't of Labor & Indus. Relations*, 277 S.W.3d 670, 679 (Mo. banc 2009).

Defendants argue they are entitled to summary judgment because decedent's death arose "out of and in the course of the employee's employment" and plaintiffs' exclusive remedy is therefore under the Workers Compensation Act. § 287.120(1) RSMo. The decedent, defendants insist, had been working outdoors in intense heat and succumbed to heat stroke as a result. Plaintiffs attempt to avoid the exclusivity provisions of the Act by alleging decedent had an "idiopathic susceptibility to heat exhaustion." (#24 ¶ 39.)

The "idiopathic condition exclusion" is an exception to the Workers Compensation statute's exclusivity provision. "An injury resulting directly or indirectly from idiopathic causes is not compensable" under the Act. § 287.020.3(3) RSMo; *Taylor v. Contract Freighters, Inc.*, 315 S.W.3d 379, 381 (Mo. App. 2010). Thus, where a worker is injured on the job due to an idiopathic condition, workers compensation benefits are not available. An idiopathic condition is one that is "peculiar to the individual: innate." *Alexander v. D.L. Sitton Motor Lines*, 851 S.W.2d 525, 527 (Mo. banc 1993). Such a condition must be "personal to the individual, such as a physical defect or disease." *Taylor*, 315 S.W.3d at 381. In the absence of the availability of workers' compensation benefits, then, plaintiff may sue the employer in tort.

Plaintiffs argue that their decedent's obesity was the idiopathic condition that caused him to die from heat stroke. Although defendants suggest that whether the decedent was obese is not clear, three doctors have testified that decedent was medically diagnosable as obese or morbidly obese. The decedent had a BMI of 41.35, and he would have had lower than average aerobic capacity based on his body weight. Plaintiffs

liken decedent's obesity to a worker's seizure described in *Ahern v. P&H, LLC*, 254 S.W.3d 129, 132 (Mo. App. 2008). There, the court held that a carpenter's fall from roof was due to a seizure caused by complications from a prior motorcycle accident, and that the fall was thus caused by an idiopathic condition. *Id.* In another case, the court held a worker's fall into scalding water was idiopathic because he was high and drunk at the time of the fall. *Haynes v. R.B. Rice, Div. of Sara Lee*, 783 S.W.2d 403, 407 (Mo. App. 1989). The court specified that the worker "was so intoxicated by the intravenous use of narcotics that it would have been impossible for him to perform his work duties, and therefore, his injury did not occur by accident arising out of and in the course of his employment." *Id.*

Notably, those cases arose out of proceedings before the Missouri Labor and Industrial Relations Commission ("Commission"), in which the Commission had denied benefits based on idiopathic conditions. It appears that no Missouri case addresses the procedurally backwards issue presented here, where the plaintiffs seek the Court's order — not a Commission decision — that an idiopathic exception allows an employee to avoid the workers' compensation proceedings altogether.

To determine whether the plaintiffs must first seek a decision from the Commission, the Court looks to the "primary jurisdiction doctrine." Under that doctrine,

> courts will not decide a controversy involving a question within the jurisdiction of an administrative tribunal until after that tribunal has rendered its decision: (1) where administrative knowledge and expertise are demanded; (2) to determine technical, intricate fact questions; (3) where uniformity is important to the regulatory scheme.

*Killian v. J & J Installers, Inc.*, 802 S.W.2d 158, 160 (Mo. banc 1991). "Pursuant to this doctrine, the Commission has original jurisdiction to determine the fact issues that

5

establish whether or not a claim is subject to the jurisdiction of the Commission."
*Cooper v. Chrysler Group, LLC*, 361 S.W.3d 60, 63 (Mo. App. 2011) (citing *Hannah v. Mallinckrodt, Inc.,* 633 S.W.2d 723, 726 (Mo. banc 1982)); *see also Channel v. Cintas Corporation No. 2*, 518 S.W.3d 824, 826 (Mo. App. 2017). Such "fact issues" for the Commission's determination include whether a worker's injuries were caused by an accident or intentional conduct, *Channel*, 518 S.W.3d at 826, and whether working conditions were the "prevailing factor" in causing death, *Leake v. City of Fulton*, 316 S.W.3d 528, 532 (Mo. App. 2010). In contrast, whether or not a plaintiff is an "employee" under the workers' compensation law is a question of law that a trial court may decide. *Cooper*, 361 S.W.3d at 65.

This Court is persuaded that the question of whether obesity is an idiopathic condition involves an intricate factual determination that must be made by the Commission. Uniformity to the regulatory scheme is also important in this context, *see Killian*, 802 S.W.2d at 160, where the determination may have wide-reaching implications. As plaintiffs themselves articulate in their response memorandum, if "the defendants dispute that Mr. Halsey's obesity indirectly resulted in his death, then it creates a situation with a disputed material fact" and is "a fact issue solely for the Commission's determination." (#52 at 13, citing *Henley v. Fair Grove R-10 School Dist.,* 253 S.W.3d 115, 131 (Mo App. 2008)).

This Court will, pursuant to Federal Rule of Civil Procedure 12(b)(1), dismiss plaintiffs' claim against Townsend Tree without prejudice so that the Commission may determine whether obesity qualifies as an idiopathic condition that would preclude workers' compensation benefits. This, of course, will require plaintiffs to file suit before

the Commission, and only if the Commission determines that plaintiff is not entitled to benefits can plaintiffs then refile their case for negligence against the employer.[1]

### B. Claim against Townsend Corporation

Plaintiffs claim that defendant Townsend Corporation is liable for negligence with regard to Tyler Halsey's death as a third party tortfeasor, independent of any liability its subsidiary, Townsend Tree, may have for workers' compensation benefits or for its own negligence. "In any action for negligence, the plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, and the defendant's failure proximately caused injury to the plaintiff." *Lopez v. Three Rivers Elec. Co-op., Inc.*, 26 S.W.3d 151, 155 (Mo. banc 2000). "Whether a duty exists is purely a question of law." *Id.*

Plaintiffs alleges that Townsend Corporation created policies that failed to allow for sufficient breaks and/or water; failed to train supervisors and employees to recognize heat stroke; failed to establish procedures and policies to protect employees from heat stroke; and failed to enforce procedures and policies it did have in place. (#24 ¶ 41.) Thus, plaintiffs allege that Townsend Corporation assumed a duty to the decedent by voluntarily undertaking to provide safety rules and policies. However, "merely assisting another in the performance of his duty to a third person is not enough to trigger liability. Rather, one must intend to completely subsume or supplant the duty of the other party in order to incur liability for nonperformance of that duty." *Plank v. Union Elec. Co.*, 899

---

[1] Although *Cooper* and *Channel* are cases that also involved pending claims with the Commission, the absence of a pending workers' compensation claim does not appear to obviate the necessity of having the Commission make the statutorily-required determinations.

S.W.2d 129, 131 (Mo. App. 1995) (holding property owner had assisted construction company's safety services but had not supplanted them).

Plaintiff relies on *Berliner v. Milwaukee Elec. Tool Corp.*, 501 S.W.3d 59, 69 (Mo. App. 2016) in support of its contention that defendant Townsend Corporation is liable. In *Berliner*, the decedent fell from an 85-foot-high platform and died from his injuries. Plaintiff sued a third party, Ameren Services Company ("ASC"), which was related to but was not in fact decedent's employer. Notably, the court did not hold that ASC in that case had supplanted or subsumed the duty of the decedent's employer; rather, the court held that the plaintiff had stated a claim against the third party for another company's employee's injury --- ASC's alleged liability was analogous to, e.g., "an elevator servicing company where the elevator's failure injured an[other's] employee." *Id.* As such, that plaintiff stated a claim under Section 324A(c) of Restatement (Second) of Torts, which states,

> One who undertakes…to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if …(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts § 324A(c) (Am. Law Inst. 1977).

In the present case, plaintiffs' allegations do not fall under § 324A(c) because there is no allegation that decedent relied on Townsend Corporation for any undertaking. Instead, plaintiffs' allegations fall under § 324A(b) of the Restatement, which states that the entity rendering services for protection of a third person is subject to liability "if…(b) he has undertaken to perform a duty owed by the other to the third person." *Id.* §

324A(b).  A 324A(b) cause of action requires "a showing of intent to become the primary provider of a service for the protection a third person, and *not merely a showing of intent to assist or supplement the service provided by the other*."  *Plank*, 899 S.W.2d at 132 (emphasis added).  The facts here show that Townsend Corporation did not completely subsume and supplant Townsend Tree's duty to provide a safe work environment for decedent.  It is undisputed that Townsend Corporation provided safety recommendations and safety consulting services to Townsend Tree; however, it was Townsend Tree that implemented and was responsible for its employees' safety: Townsend Tree's Area Manager for Missouri testified that he ensures the safety rules handed down from Townsend Corporation are followed, and the Townsend Tree foremen decide whether and how long to work under given environmental conditions.

Townsend Corporation will be granted summary judgment.

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion for leave to file a surreply (#57) is GRANTED

IT IS FURTHER ORDERED that defendants' motion for summary judgment (#50) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that plaintiffs' claim against Townsend Tree is DISMISSED without prejudice.

IT IS FINALLY ORDERED that defendant Townsend Corporation is granted summary judgment on plaintiffs' claim against it.

Dated this  21st   day of August, 2018

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE