# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2908
_____

Andrew Halsey; Tammy Kennedy

*Plaintiffs - Appellants*

v.

The Townsend Corporation of Indiana, doing business as Townsend Tree Service; Jeffrey Alan Richardson; Townsend Tree Service Company, LLC

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: September 25, 2019
Filed: December 21, 2021

_____

Before BENTON, SHEPHERD, and GRASZ, Circuit Judges.

_____

BENTON, Circuit Judge.

Tyler S. Halsey suffered a heat stroke while working for Townsend Tree Service Company, LLC, under the supervision of Jeff A. Richardson. Andrew Halsey and Tammy Kennedy, Tyler's parents, sued for wrongful death and negligence. The

district court[1] dismissed the claims against Richardson with prejudice, dismissed the claims against Townsend Tree without prejudice, and granted summary judgment to the parent company, The Townsend Corporation of Indiana. Halsey appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Halsey worked for Townsend Tree for four days, on a road crew trimming trees. Richardson, his supervisor, was responsible for overseeing the work and safety of the crew members. On July 22, 2016, the temperature reached 96 degrees. The parents allege that Halsey was especially susceptible to heat stroke due to his physical condition and inexperience working outside in the heat. Near the end of his shift, Halsey collapsed. He was taken to a hospital, treated for heat stroke, and passed away the next day.

The parents sued Townsend Corporation and Richardson in state court. The Corporation removed the case to federal court. The parents are both Missouri citizens. The Corporation is an Indiana citizen. Richardson is also a Missouri citizen. The Corporation alleged that the parents fraudulently joined him to defeat diversity. The parents filed a motion to remand. The district court denied it. It found no colorable claim against Richardson, dismissing him with prejudice.

The district court then substituted Townsend Tree for Townsend Corporation as Halsey's employer. The parents amended their complaint naming both of them. Both defendants moved for summary judgment. The district court eventually dismissed Townsend Tree, to allow proceedings before the Missouri Labor and Industrial Relations Commission. The court granted Townsend Corporation's motion

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

for summary judgment, ruling it did not completely supplant Townsend Tree's duty to provide a safe working environment. ***Halsey v. Townsend Corp. of Indiana***, 2018 WL 3993983, at *4 (E.D. Mo. May 18, 2017).

II.

The parents argue that the district court should have remanded this case because they made a colorable claim that supervisor Richardson is liable for Halsey's heat stroke. This court reviews de novo a denial of a motion to remand. ***In re Prempro Prods. Liab. Litig.***, 591 F.3d 613, 619 (8th Cir. 2010). Subject matter jurisdiction under 28 U.S.C. § 1332 requires complete diversity, if no defendant has citizenship in the same state with any plaintiff. ***Id.*** at 620. A frivolous or illegitimate claim against a non-diverse defendant—a fraudulent joinder—does not prevent removal. *See **id.***

A defendant alleging fraudulent joinder must prove that the plaintiff's claim against the diversity-destroying defendant has "no reasonable basis in fact and law." ***Filla v. Norfolk S. Ry. Co.***, 336 F.3d 806, 810 (8th Cir. 2003). "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." ***Id.*** Joinder is not fraudulent if state law *might* impose liability on the resident defendant under the facts alleged. ***Id.*** Doubts about federal jurisdiction are resolved in favor of remand to state court. ***Prempro***, 591 F.3d at 620.

The parents argue they have asserted a reasonable basis for co-employee liability under the Missouri Workers' Compensation Law. *See **Gray v. FedEx Ground Package Sys., Inc.***, 799 F.3d 995, 999 (8th Cir. 2015) (noting Missouri substantive law governs a diversity suit). The Workers' Compensation Law applicable here is:

-3-

> Any employee of such employer shall not be liable for any injury or death for which compensation is recoverable under this chapter and every employer and employees of such employer shall be released from all other liability whatsoever, whether to the employee or any other person, except that an employee shall not be released from liability for injury or death if the employee engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury.

**§ 287.120.1 RSMo** (eff. Jan.1, 2014 to Aug 27, 2017).  This subsection does not create a new cause of action for an injured employee to sue a co-employee. Rather, this subsection is an affirmative defense, granting co-employees broad immunity unless the worker can show that the co-employee engaged in "an affirmative negligent act" that "purposefully and dangerously caused or increased the risk of injury." *See* **Brock v. Dunne**, 2021 WL 5217031, at *3 (Mo. banc Nov. 9, 2021), *quoting* **§ 287.120.1 RSMo** ("Section 287.120.1 does not preempt the common law claim and create a new statutory cause of action for co-employees to bring against their culpable co-workers. Instead, as a workers' compensation statute, it provides immunity to co-employees and employers unless the statutory exception applies.").

This creates a two-part analysis.  First, has the co-employee engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury to the injured employee so as to deny that co-employee immunity?  If so, has the injured employee made allegations that otherwise establish a claim of common law negligence for a breach of a duty independent of the employer's nondelegable duty?

The parties focus on whether there was an affirmative act that satisfies the first part.  Like the recent Missouri Supreme Court case of *Brock v. Dunne*, "there is no direct evidence demonstrating" that Richardson "acted with the purpose to cause or

-4-

increase the risk of injury, and any inference he did so would be 'unreasonable, speculative or forced.'" *Id.* at *5.

The parents also failed to allege the second part, a claim of common law negligence for a breach of a duty independent of the employer's nondelegable duties. In Missouri, injured employees are "barred from bringing common law negligence actions against a co-employee when the co-employee was performing a nondelegable duty owed by the employer." *McComb v. Norfus,* 541 S.W.3d 550, 555 (Mo. banc 2018). An employer owes nondelegable duties to its employees with respect to safety, even if the employer assigns the duties to employees. *Peters v. Wady Industries, Inc.*, 489 S.W.3d 784, 795 (Mo. banc 2016). These duties include (1) to provide a safe place to work; (2) to provide safe appliances, tools, and equipment for work; (3) to give warning of dangers of which the employee might reasonably be expected to remain in ignorance; (4) to provide a sufficient number of competent fellow employees; and (5) to promulgate and enforce rules for the conduct of employees which would make work safe. *Id.*

According to the Missouri Supreme Court, a co-employee is liable for breaching a duty separate and distinct from the employer's nondelegable duties, but only if the co-employee either breaches a duty unrelated to the master-servant relationship, or commits a "breach of workplace safety that was so unforeseeable to the employer as to take it outside the employer's nondelegable duty to provide a reasonably safe workplace." *Conner v. Ogletree*, 542 S.W.3d 315, 324 (Mo. banc 2018). *See also McComb,* 541 S.W.3d at 556; *Fogerty v. Armstrong*, 541 S.W.3d 544, 548 (Mo. banc 2018).

In this case, the parents do not meet this standard, because they do not allege that Richardson breached a duty separate and distinct from the nondelegable duties of Townsend Tree. The parents stress two allegations: (1) that Richardson directed Halsey to continue working despite indications of heat exhaustion, and (2) that

-5-

Richardson disabled the air conditioning in the work trucks so Halsey could not escape the heat. Under Missouri law, both allegations are within Townsend Tree's nondelegable duties to provide a safe workplace and equipment.

As for the first allegation, the closest case is the *McComb* case. There, a delivery driver was killed when his vehicle skidded off the road during a severe winter storm. *McComb*, 541 S.W.3d at 553. Two supervisors knew of the severe storm when directing the driver to drive his route. The driver told the supervisors during his drive that his windshield was freezing. *Id.* Despite the risks of driving in a winter storm, the supervisors told him to continue as scheduled. *Id.* The Missouri Supreme Court found that the supervisors' decision to keep him on his route related to the employer's nondelegable duty to provide a safe workplace. *Id.* at 557. The court stressed that "the risks associated with driving a delivery vehicle in a region that experiences dangerous weather conditions are reasonably foreseeable to employers." *Id.* The court stated that it was reasonably foreseeable that a supervisor would be negligent in directing a driver to remain on the road in dangerous weather conditions. *Id.*

Like in *McComb*, the risks of working outside in the July heat are foreseeable. Halsey's job included working outside for ten hours a day, often during the hottest part of the day. On the day of the stroke, the temperature reached 96 degrees . It is reasonably foreseeable that an employee could suffer from the effects of the heat. Further, as in *McComb*, it is reasonably foreseeable that a supervisor would be negligent in instructing an employee to continue work despite warning signs of health problems.

The second allegation—that Richardson disabled the air conditioning in the trucks—also falls within Townsend Tree's nondelegable duties to provide a reasonably safe workplace and to provide safe appliances, tools, and equipment. In *Peters*, the worker was injured when a stack of dowel baskets fell on him, causing

-6-

permanent, catastrophic injuries. ***Peters***, 489 S.W.3d at 787-88. The worker alleged that despite warnings from employees, his supervisor allowed the baskets to be stacked in an unsafe manner, and failed to provide a proper area to unload them. ***Id.*** at 798-99. The Missouri Supreme Court held that the duty to provide safety equipment and a safe place to unload the baskets fell squarely within the employer's duty to provide a safe workspace. ***Id.*** at 799.

Like in *Peters*, providing a way for employees to avoid heat strokes falls within the employer's nondelegable duty to provide a safe place to work. Here, a safe place to cool off during a hot work day is within the employer's nondelegable duty.

Neither allegation against Richardson is a duty separate and distinct from the employer's nondelegable duty to provide a safe work place. *See* ***Brock***, 2021 WL 5217031, at *8 (holding that a co-employee does not owe an independent duty to keep a safe workplace outside the employer's foreseeable nondelegable duty). The parents' claims against Richardson have no reasonable basis in fact or law. This case was properly removed to federal court.

III.

Halsey argues that the district court erred in applying the primary jurisdiction doctrine and dismissing Townsend Tree without prejudice. This court has avoided deciding the standard of review for a district court order applying the doctrine. ***Chlorine Inst., Inc. v. Soo Line R. R.***, 792 F.3d 903, 909 (8th Cir. 2015). As in *Chlorine Institute*, this court proceeds with de novo review. ***Id.***

The doctrine of primary jurisdiction applies to claims "that contain some issue within the special competence of an administrative agency." ***Reiter v. Cooper***, 507 U.S. 258, 268 (1993). Courts thus will not decide an issue within the jurisdiction of an administrative tribunal until it makes its decision "(1) where administrative

-7-

knowledge and expertise are demanded; (2) to determine technical, intricate fact questions; (3) where uniformity is important to the regulatory scheme." **Killian v. J&J Installers, Inc.**, 802 S.W.2d 158, 160 (Mo. banc 1991).

Under the Workers' Compensation Law, the injury or death must be caused by the effects of a work-related accident, rather than an idiopathic condition. **§ 287.020.3(3) RSMo**. The parents claim that Halsey's death was caused by an idiopathic condition (obesity), so their claim is not subject to the Workers' Compensation Law. "[T]he question of whether [the employee]'s injuries were the product of an accident. . . lies within the exclusive jurisdiction of the Labor and Industrial Relations Commission." **Killian**, 802 S.W.2d at 161. *See also* **Channel v. Cintas Corp. No. 2**, 518 S.W.3d 824, 826 (Mo. App. 2017) (finding that the responsibility to determine if decedent's death constitutes an accident is within the exclusive jurisdiction of the Commission); **Cooper v. Chrysler Grp., LLC.**, 361 S.W.3d 60, 63-64 (Mo. App. 2011) (collecting Missouri cases concluding that the Commission has original jurisdiction over determinations of whether there was a work-related accident).

If a court applies the primary jurisdiction doctrine, it has the "discretion either to retain jurisdiction or, if the parties would not be disadvantaged, to dismiss the case without prejudice." **City of Osceola, Ark. v. Entergy Arkansas, Inc.**, 791 F.3d 904, 910 (8th Cir. 2015), *citing* **Reiter**, 507 U.S. at 268-69. At the time of dismissal, a question of fact remained whether the cause of Halsey's death was idiopathic or work-related. This question was "within the special competence" of the Labor and

-8-

Industrial Relations Commission.[2] The district court properly dismissed Townsend Tree without prejudice.[3]

IV.

The parents argue that the district court erred in granting summary judgment to Townsend Corporation. According to them, when Townsend Corporation provided safety consulting services, it assumed Townsend Tree's duty to promulgate safety policies under the Restatement (Second) of Torts § 324A(b) or, alternatively, § 324A(c). This court reviews the grant of summary judgment de novo, viewing the facts in the light most favorable to the nonmoving party. ***Torgerson v. City of Rochester***, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). Summary judgment is proper only "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." **Fed. R. Civ. P. 56(a)**.

Missouri courts look to the three-section disjunctive test in Section 324A to determine whether a defendant has assumed a duty to a third person. ***Berliner v.***

---

[2]On April 9, 2020, the Labor and Industrial Relations Commission found that "the award of the administrative law judge allowing compensation" for Halsey "is supported by competent and substantial evidence and was made in accordance with the Missouri Worker's Compensation law." Townsend Tree and the parents appealed. The Missouri Court of Appeals affirmed. ***Halsey v. Townsend Tree Serv. Co., LLC***, 626 S.W.3d 788, 791 (Mo. Ct. App. 2021), *reh'g and/or transfer denied* (May 3, 2021), *transfer denied* (Aug. 31, 2021).

[3]The district court said it lacked jurisdiction over the idiopathic-condition claim under Rule 12(b)(1). To the contrary, the district court did have subject matter jurisdiction over the claim. *See* ***Frisby v. Milbank Mfg. Co.***, 688 F.3d 540, 543 (8th Cir. 2012); ***McCracken v. Wal-Mart Stores East, LP.***, 298 S.W.3d 473, 478-79 (Mo. banc 2009); ***Cooper***, 361 S.W.3d at 63-64 (Mo. App. 2011). Any error in labeling the dismissal without prejudice as due to a lack of subject matter jurisdiction is harmless.

*Milwaukee Elec. Tool Corp.*, 501 S.W.3d 59, 67 (Mo. App. 2016).  Section 324A says:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise care to protect his undertaking if
>
> . . .
> (b) he has undertaken to perform a duty owed by the other to the third person, or
> (c) the harm is suffered because of reliance of the other or the third person on the undertaking.

**Restatement (Second) of Torts § 324A**.  The parents contend that subsections (b) and (c) apply to Townsend Corporation.

Under Missouri law, "merely assisting another in the performance of his duty to a third person is not enough to trigger liability."  **Plank v. Union Elec. Co.**, 899 S.W.2d 129, 131 (Mo. App. 1995).  Rather, under § 324A(b), "one must intend to completely subsume or supplant the duty of the other party in order to incur liability for nonperformance of the duty."  *Id.*

The parents emphasize that liability may lie under § 324A when a third party undertakes to provide a specific service, in this case, promulgating safety rules.  The First Circuit considered a factually similar scenario, upholding the district court's finding that the parent company had no duty to an employee of a subsidiary in **Muniz v. National Can Corp.**, 737 F.2d 145, 147 (1st Cir. 1984).  In *Muniz*, the National Can Corporation issued general safety guidelines and provided assistance with safety matters when requested by a subsidiary's local management.  *Id.*  The plaintiff argued this involvement with safety measures imposed a duty to provide a safe working

-10-

environment for the subsidiary's employees.  *Id.*  The court held that this did not indicate that the Corporation assumed responsibility for safety at the subsidiary.  *Id.* at 149.  Rather, the Corporation "provided general safety measures" and "intended for these general guidelines to be implemented by local management." *Id.*

Under Section 324A(c), Missouri courts find liability where a third party conducts safety inspections or safety analysis that completely supplants the duty of another to conduct those safety activities themselves.  *See Berliner*, 501 S.W.3d at 69; *Kraus v. Hy-Vee, Inc.*, 147 S.W.3d 907, 923-25 (Mo. App. 2004)  "[W]here liability is based on negligent safety inspections, reliance typically will be demonstrated by continuation of business as usual in the belief that any necessary precautions would be taken or called to the user's attention.  *Berliner*, 501 S.W.3d at 69, *citing* *Smith v. Universal Underwriters Ins. Co.*, 752 F.2d 1535, 1537 (11th Cir. 1985).  In these cases of reliance, if harm occurs from the defective work of the third party, liability may lie.

Although Townsend Tree does not have a safety department, Townsend Corporation did not completely subsume or supplant the duty to provide a safe workplace for Halsey.  As in *Muniz*, Townsend Corporation did provide safety recommendations and safety consulting services to Townsend Tree, but Townsend Tree was responsible for the safety of its own employees and for implementing safety rules and guidelines.  Townsend Corporation is thus not liable under either Section 324A(b) or 324A(c).

The district court correctly granted summary judgment to Townsend Corporation.

*  *  *  *  *  *  *

The judgment is affirmed.
_____

-11-